**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 12 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50455 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-05227-GPC-1 |
| v. | |
| DANIEL BLOW, AKA LA Danny, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Argued and Submitted March 4, 2015
Pasadena, California

Before: REINHARDT, N.R. SMITH, and HURWITZ, Circuit Judges.

Daniel Blow was convicted on two counts of violating 21 U.S.C. § 841(a)(1) for distribution of crack cocaine. He challenges the denial of his motion for sanctions for destruction of evidence, the admission of records of a prior conviction pursuant to Federal Rule of Evidence 404(b), the formulation of the district court's limiting

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

instruction about the Rule 404(b) evidence, and the brief presence of an alternate in the jury room after the charge. He also asserts cumulative error. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

**1.** Blow argues that the district court erred by concluding that bad faith is required before sanctions for the negligent destruction of evidence can be imposed. *See United States v. Sivilla*, 714 F.3d 1168, 1173 (9th Cir. 2013) (noting that absence of bad faith is not dispositive on a motion for sanctions). It is plain, however, that the district court performed the proper balancing, *see id.* at 1173-74, and did not improperly consider the absence of bad faith to be dispositive.

**2.** Blow argues, alternatively, that the district court improperly evaluated the prejudice resulting from the destruction of evidence. But the district court's finding that the destroyed surveillance video would not have played a significant role in the defense was well founded. This video was not taken at the scene of the crime, and it is unlikely that it would have undermined the government's case in light of the multiple identifications of Blow at or near the scene of the crime and the recordings of the drug transaction at issue, which contained statements that several witnesses identified as having been made by Blow.

**3.** The admission of records of Blow's prior conviction for possession of a large quantity of crack cocaine with intent to distribute was not an abuse of discretion.

The conviction undermined Blow's argument that he was innocently present at the scene of the crime; it therefore was admissible under Rule 404(b). *See United States v. Howell*, 231 F.3d 615, 628 (9th Cir. 2000); *United States v. Martinez*, 182 F.3d 1107, 1112 (9th Cir. 1999).

**4.** Any error in the district court's description of the past conviction records as "plan" evidence in its limiting instruction was harmless because the district court instructed the jury not to consider the records as proof of criminal propensity. *See United States v. Cherer*, 513 F.3d 1150, 1158 (9th Cir. 2008); *United States v. Castillo*, 181 F.3d 1129, 1134 (9th Cir. 1999).

**5.** There was no error arising out of the presence of the alternate juror in the jury room after the charge was given. The alternate's presence was momentary, and could not have overlapped with deliberations because the jury had not yet chosen a foreperson.

**6.** Because Blow has not shown multiple errors, reversal for cumulative error is not warranted. *See United States v. Solorio*, 669 F.3d 943, 956 (9th Cir. 2012).[1]

**AFFIRMED.**

---

[1] We need not address Blow's challenge to his sentence because Blow concedes it is foreclosed under current law.